George MORTON, Jr. and Marion L. Morton

v.

Thomas T. TUCK.

Supreme Judicial Court of Maine.

Oct. 14, 1975.

Albert E. Guy, North Windham, for plaintiffs.

Marden, Dubord, Bernier & Chandler by Stephen F. Dubord, Bruce W. Chandler, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

Defendant Thomas T. Tuck has appealed from a judgment entered in the Superior Court (Cumberland County) ordering specific performance by defendant of a written contract in which defendant had agreed

to sell particular real estate to the plaintiffs George Morton, Jr. and Marion L. Morton.

On October 7, 1969 defendant, the developer of a project for the sale of cottages at Spring Lake, Maine, had agreed in writing to sell plaintiffs certain land, at Spring Lake, including a cottage thereon, for the price of $5,000.00 payable in installments over a period of years. Early in 1971, the parties, separated by a substantial distance from each other, discussed by telephone changes in their existing agreement to reduce the purchase price if it were paid in cash. Soon thereafter, Mrs. Morton prepared and mailed to the defendant a typewritten document purporting to embody the new terms, reading:

"February 10, 1971

"As of this date, I, Thomas T. Tuck, will accept the sum of $3500.00 (Three Thousand Five Hundred Dollars) from George P. Morton, Jr. and Marion L. Morton of North Windham, Maine, as full and final payment for Cottage # 8 at Spring Lake, T. 3., R. 4., Somerset County, Maine.

"No further payments to principal or payments of interest shall be made by them to me and said Cottage No. Eight and parcel of land shall be conveyed to them free of all incumbrances whatever. Upon their receipt of a satisfactory warantee (sic) deed a check in the amount of $3500.00 shall be due me from George P. Morton, Jr. and Marion L. Morton."

Coincident with mailing the aforesaid letter to defendant, plaintiffs transmitted their personal check in the amount of $3,500.00 to Richard Lolley who was the general manager of defendant's Spring Lake Corporation and had been representing defendant in his transaction with plaintiffs.

When defendant received Mrs. Morton's typewritten document, he signed his name on a signature line placed at the bottom of the typewritten matter. Simultaneously, defendant appended in his own handwriting,

and running parallel to and below defendant's signature as affixed to the matter typewritten by Mrs. Morton, the additional notation:

"Please forward certified or bank check to my attorney Robert A. Marden, 44 Elm Street, Waterville, Maine. He will prepare a deed for my signature and will hold your deed in escrow until receipt of your check. Then he will record the deed in your names. You will receive the recorded copy of the deed. There will be a small charge for recording."

At the bottom of this handwritten matter defendant again signed his name.

The presiding Justice found as facts that within the time period reasonable for performance of the written undertaking defendant had signed, Lolley, as the representative of defendant, had received the $3,500.00 check sent by the plaintiffs and had so informed defendant. These findings by the presiding Justice, adequately supported by evidence, are here controlling.

 The presiding Justice interpreted *the legal import of the written document* dated February 10, 1971 to be, inter alia, that

". . . the money may be paid by the Mortons . . . prior to the receipt of a satisfactory warranty deed."

By this ruling the presiding Justice made clear that notwithstanding that the typewritten matter submitted by Mrs. Morton stated that "check in the amount of $3500.00 shall be due" on "receipt of a satisfactory . . . deed" and the substance of the handwritten matter appended was that the equivalent of cash should be forthcoming from plaintiffs before a deed to plaintiffs would be placed on record, the parties truly were intending only to express a methodology by which, despite their being far apart, they could achieve the mutual exchange of money and deed by which cash transactions for the sale of real estate are usually completed.

We hold this interpretation by the presiding Justice to be correct.

We agree also with another ruling of law made by the presiding Justice that defendant's reference to Attorney Robert A. Marden as the person through whom the exchange of money and deed was to be accomplished was not an absolute contractual requirement; hence, the plaintiffs' resort to Lolley, as a representative of defendant, was, "for all intents and purposes, in conformance with the contract."

The foregoing interpretations of the written contract dated February 10, 1971 clarify that the presiding Justice conceived the ultimately dispositive issue to be whether at the time of the commencement of plaintiffs' action the contract was still legally open to be performed. On this question the presiding Justice concluded that after defendant had been informed by Lolley that the Mortons had taken initial steps to perform on their part—by transmitting their personal check for $3500.00 to Lolley to be cashed and thus to make available the requisite money to be paid over in mutual exchange for a satisfactory deed, (1) thereafter, no further communication was forthcoming from, or on behalf of defendant, to allow completion of such mutual exchange, and (2) defendant remained

". . . as late as October 17, 1972, . . . still willing and able to fulfill . . . the contract."

Plainly implicit in this ruling of the presiding Justice are the further conclusions that (1) time was not of the essence of the contract, (2) at the time of the commencement of the plaintiffs' action on February 13, 1973 neither party had yet justifiably repudiated the agreement and it remained operative to be performed, and (3) the time of plaintiffs' suit was still within such period as was reasonable for the performance of the contract.

We sustain all of these conclusions, explicit and implicit, of the presiding Justice. The findings of fact on which they rest are sufficiently supported by evidence, and the determinations of law are correct.

The presiding Justice, therefore, acted without error in: (1) ruling that the plaintiffs were entitled to have defendant continue with performance of the written contract, and (2) ordering that, should plaintiffs

". . . pay to the Defendant immediately the sum of $3500 with interest at 8% from October 17, 1972",

the defendant shall

". . . transfer to the Plaintiffs a warranty deed"

containing an adequate description of the real property agreed to be sold and purchased.

The entry is:

*Appeal denied.*

All Justices concurring.